IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:16-CV-165-RJC-DCK

| | |
|---|---|
| JACQUELINE S. MCFEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| CPP INTERNATIONAL, LLC ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion To Dismiss Plaintiff's Complaint" (Document No. 6). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be <u>granted</u>.

**I. BACKGROUND**

Jacqueline S. McFee ("Plaintiff" or "McFee") initiated this action with the filing of her "Complaint" (Document No. 1) against CPP International, LLC ("Defendant" or "CPP") on April 8, 2016. The Complaint is based on an "Employment Agreement" (the "Agreement") dated September 1, 2008, between Plaintiff McFee and Defendant CPP, and the resulting intellectual property rights McFee was to be granted under the Agreement.[1] (Document No.1, pp.1-4). The Complaint asserts causes of action for: (1) False Advertising in Violation of 15 U.S.C. § 1125(a); (2) Copyright Infringement in Violation of 17 U.S.C. § 501; (3) Unfair Competition; (4) Unfair

---

[1] Although Plaintiff asserts that this action is based on the parties' Agreement, a copy of the Agreement was not included with the Complaint. (Document No. 1). However, the Court takes notice of a copy of the Agreement filed along with the pending motion to dismiss. See (Document No. 8-1).

and Deceptive Trade Practices in Violation of North Carolina General Statutes § 75-1.1 *et seq.*; and (5) breach of contract. (Document No. 1, pp.9-13).

The Complaint asserts that CPP retained McFee as an independent contractor from 2002 through 2008, "to provide her expertise in product design, product development, art direction, and trend consultation for CPP's full line of computer bags, writing instruments, binders, notebooks, and other paper products for schools and offices." (Document No. 1, p.3). Then, in September 2008, Defendant offered and Plaintiff accepted the terms of the Agreement and became a full-time employee and lead designer for CPP. Id. See also (Document No. 8-1).

The Complaint further notes that the "Agreement also granted McFee, *under certain circumstances*, the intellectual-property rights to all designs she had created as an independent contractor of CPP, and all designs she created would be or would create as a full-time employee of CPP." (Document No. 1, p.4) (emphasis added). "Specifically, although the intellectual property rights to the designs created by McFee initially belonged to CPP, the 2008 Employment Agreement requires all of those rights for a particular design to be assigned to McFee upon her request, *after that design moves to what the parties refer to as End of Sale status*." Id. (emphasis added). According to the Complaint, "End of Sale" status for a particular design is defined "as the date when either of the following events occur: (a) CPP stops selling or distributing all products incorporating that design; or (b) two years after the date on which CPP ceases production of all products incorporating that design." Id.

The Complaint lists multiple designs which Plaintiff contends have reached "End of Sale" status. (Document No. 1, pp.5-7). Plaintiff asserts that despite "repeated requests for assignment of the End of Sale Designs in accordance with the 2008 Employment Agreement, CPP has elected

2

not to do so." (Document No. 1, p.8). Plaintiff filed this action based on Defendant's alleged failure to comply with the terms of the Agreement. (Document No. 1, pp.1-2).

"Defendant's Motion To Dismiss Plaintiff's Complaint" (Document No. 6) and "Defendant's Brief In Support Of Its Motion To Dismiss Plaintiff's Complaint" (Document No. 8) were filed on June 23, 2016. Defendant seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted. (Document No. 6, p.1). Defendant contends that Plaintiff's claims based on the alleged intellectual property rights should be dismissed with prejudice, and that the Court should decline to exercise supplemental jurisdiction over the remaining state law claims. (Document Nos. 6 and 8).

Plaintiff's "Response In Opposition To Defendant CPP's Motion To Dismiss" (Document No. 11) was filed on August 10, 2016; and "Defendant's Reply…" (Document No. 12) was then filed on August 22, 2016.

The pending motion is now ripe for review and disposition, and therefore, a recommendation to the Honorable Robert J. Conrad, Jr. is now appropriate.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial

3

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

Defendant contends that this matter must be dismissed because Plaintiff is "without a valid federal claim." (Document No. 6, p.4). Defendant asserts that "[a]lthough this matter is a contractual dispute, Plaintiff's Complaint seeks to shoehorn various federal claims in the Complaint." (Document No. 8, p.1). Defendant contends that it "offered to assign to Plaintiff qualifying designs under the agreement, but this dispute arose when [Plaintiff] demanded the assignment of additional properties to which she is not entitled." Id.

The crux of Defendant's argument is that the Complaint itself alleges that Defendant: (1) has not assigned the disputed designs "End of Sale" status; (2) has failed to grant rights to the designs and continues to use some of the designs; and (3) that it still owns the trademarks, copyrights, and trade names. (Document No. 6, pp.1-2) (citing Document No. 1, ¶¶ 1-3, 16, 19, and 20). As such, Defendant concludes that Plaintiff: (1) does not own any rights in the subject intellectual property; (2) has no standing to assert a claim because she does not own the designs; (3) does not have superior rights in the marks related to the designs; and (4) has not used any of the subject marks in commerce. (Document No. 6, p.3). Defendant CPP further asserts that it has not made any false or misleading claims about the designs. Id.

In further support of its motion, Defendant argues that the causes of action for false advertising and copyright infringement require that Plaintiff demonstrate an ownership interest in the copyrighted work or trademark. (Document No. 8, p.5). Because the jurisdiction of this Court hinges on Plaintiff's intellectual property claims brought under federal law, the undersigned will focus on these claims. There does not appear to be any dispute that the parties lack diversity and that jurisdiction is based solely on the trademark and copyright claims. See (Document No. 1, pp.2-3).

More specifically, the Complaint alleges that Defendant CPP has violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) by imitating and infringing on trade names or designs, including: "In the Navy," "Kaleidoscope," "Max & Mini," "Profashional," "Tres Chic," and "Black and White Floral;" and that Defendant's use of the designs "Profashional," "Max & Mini," and "Black and White Floral" infringe McFee's copyrights in those designs, in violation of 17 U.S.C. § 501. (Document No. 1, pp.8-10). For the most part, the arguments in the parties' briefs conflate these alleged violations together based on an apparent agreement that the law requires

5

Plaintiff to demonstrate an ownership interest in the copyrighted and/or trademarked work. See (Document No. 8, pp. 7-8; Document No. 11, pp.6-8; and Document No. 12, pp.2-4).

The Court notes the following instructive caselaw addressing all the elements of Plaintiff's intellectual property claims.

> A plaintiff attempting to bring a false advertising claim under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), must present evidence that
>
>> (1) the defendant made a false or misleading description of fact or representation of fact in a commercial advertisement about his own or another's product; (2) the misrepresentation [was] material, in that it [was] likely to influence the purchasing decision; (3) the misrepresentation actually deceive[d] or ha[d] the tendency to deceive a substantial segment of its audience; (4) the defendant placed the false or misleading statement in interstate commerce; and (5) the plaintiff [was] or is likely to be injured as a result of the misrepresentation, either by direct diversion of sales or by a lessening of goodwill associated with its products.

Design Resources, Inc. v. Leather Industries of America, 900 F.Supp.2d 612, 616 (M.D.N.C. 2012) (quoting Scotts Co. v. United Indus. Corp., 315 F.3d 264, 272 (4th Cir. 2002)). To the extent Plaintiff is also asserting a false designation of origin claim under 15 U.S.C. § 1125(a), the undersigned notes that she must sufficiently allege that:

> (1) a defendant uses a designation; (2) in interstate commerce; (3) in connection with goods and services; (4) which designation is likely to cause confusion, mistake or deception as to origin, sponsorship, or approval of defendant's goods or services; and (5) plaintiff has been or is likely to be damaged by these acts.

Charlotte Chiropractic Clinic, P.A. v. Chiro-Carolina Family & Sports Care, PLLC, 3:14-CV-585-RJC-DCK, 2015 WL 5431466, at *2 (W.D.N.C. June 25, 2015) (quoting Superior Performers, Inc. v. Family First Life, LLC, 2014 WL 7338923, at *4 (M.D.N.C. Dec. 22, 2014)).

6

> To establish a claim for copyright infringement, a plaintiff must prove that it owned a valid copyright and that the defendant copied the original elements of that copyright. Lyons Partnership, L.P. v. Morris Costumes, Inc., 243 F.3d 789, 801 (4th Cir. 2001) (citing Ale House Mgmt., Inc. v. Raleigh Ale House, Inc., 205 F.3d 137, 143 (4th Cir. 2000)

Mon Cheri Bridals, LLC v. Partnerships, 3:15-CV-021-FDW-DCK, 2015 WL 3509259, at *4 (W.D.N.C. June 4, 2015).

To begin its argument against Plaintiff's claims, Defendant notes that Plaintiff's own allegations establish that she does not own the copyright of any of the designs. (Document No. 8, p.7). Defendant then notes that Plaintiff asserts that CPP's use of the terms "In the Navy," "Kaleidoscope," "Max & Mini," "Profashional," "Tres Chic," and "Black and White Floral" "mislead the public into believing that Defendant CPP's products are affiliated or associated with McFee." (Document No. 8, p.7) (quoting Document No. 1, ¶ 26). Defendant argues this is "the type of naked assertion devoid of further factual development that the Supreme Court deemed insufficient in *Iqbal*." Id. Defendant further argues that there is "no plausible cause of action for false advertising because the Complaint alleges that Defendant CPP still owns these 'trademarks, copyrights, and trade names.'" (Document No. 8, pp.7-8) (citing Document No. 1, ¶¶ 1-3, 16, 19, and 20). Defendant concludes that the Complaint fails to aver any fact that would support a conclusion that Defendant's use of these terms, which it undisputedly still owns, would mislead the public, or support a valid claim for false advertising. (Document No. 8, p.8).

In response, Plaintiff argues that her Complaint expressly claims ownership of the disputed designs. (Document No. 11). Plaintiff contends that because the designs have moved to "End of Sale" status, and she has requested assignment of those designs, "ownership and all accompanying intellectual-property rights belong to McFee, not CPP." (Document No. 11, p.6). Plaintiff asserts that the assignment of rights to the disputed designs is a "formal acknowledgement of that

7

Case 3:16-cv-00165-RJC-DCK   Document 14   Filed 11/17/16   Page 7 of 11

transfer," but that "CPP's refusal to make that acknowledgement does not change the fact that rights in the designs belong to McFee." (Document No. 11, p.6). <u>See also</u> (Document No. 1, ¶ 3) ("CPP has failed to grant rights to those designs as agreed"); (Document No. 1, ¶ 20) ("Despite McFee's repeated requests for assignment . . . CPP has elected not to do so.").

"Defendant's Reply…" effectively notes that Plaintiff does not contest that the applicable legal standard requires ownership of the relevant trademarks and copyright: "CPP cites the obvious and undisputed requirement that McFee must claim ownership over the trademarks to raise [its] claim[s]. . . ." (Document No. 12, p.2) (quoting Document No. 11, pp.7-8). Rather, Plaintiff argues she has adequately alleged ownership of the trademarks and copyrighted designs. <u>Id.</u>

Defendant argues that the Complaint is unequivocal that Defendant has not transferred ownership rights to Plaintiff. <u>Id.</u> (citing Document No. 1, ¶ 3). Defendant then cites the following pertinent language from the Agreement:

> Notwithstanding the foregoing, Company shall assign to Employee (at Employee's discretion and pursuant to the Assignment of Intellectual Property set forth as <u>Exhibit D</u> hereto) all of Company's rights in and to all Company IP relating to a Design, upon request by Employee after the date (the "End of Sale") which is the earlier to occur of (i) the date on which all Products incorporating such Design are no longer distributed or sold by·Company and Company's distributors and vendors and (ii) such date two years following the date on which Company ceases production of all Products incorporating such Design.

(Document No. 12, pp.2-3) (quoting Document No. 8-1, p.9). Defendant notes that nothing in this contract language could be deemed as an automatic conveyance. (Document No. 12, p.3). Instead, the language requires Defendant to take action upon the occurrence of certain conditions. <u>Id.</u> Therefore, Defendant surmises that the Agreement does not convey ownership; it obligates Defendant to take an action to convey ownership. <u>Id.</u>

8

Finally, Defendant notes that the Agreement cites to, and attaches, an Exhibit D – "Assignment of Intellectual Property."  Id.  Defendant argues that Exhibit D is evidence that the parties understood at the time of execution of the Agreement in 2008, how to properly transfer trademarks and copyright designs.  Id.  And in this instance, that meant that a transfer of ownership required a written assignment upon the occurrence of certain events.  (Document No. 12, p.4).

The undersigned finds Defendant's arguments persuasive.  Viewed in the light most favorable to Plaintiff, there are paragraphs of the Complaint that suggest she asserts ownership of the disputed designs;  however, the Complaint also clearly asserts that Defendant failed to convey ownership as required.  (Document No. 1).  For example, paragraph 2 of the Complaint states that "McFee *was granted* all right, title, and interest to all of her designs…;"  but then paragraph 3 immediately follows, stating that "CPP has *failed to grant* rights to those designs as agreed, and continues to use some of those designs…."  (Document No. 1, pp.1-2) (emphasis added).  In addition, the Court notes that the basis of Plaintiff's breach of contract claim is that:  (1) the "Agreement constitutes a valid contract under North Carolina law;"  and (2) that CPP "fail[ed] to assign all right, title, and interest in the End of Sale Designs to McFee…."  (Document No. 1, p.12).  Plaintiff's allegations are inconsistent, and at times contradictory.  (Document No. 1).

Taking the Complaint and the Agreement together, and noting that neither party alleges that a contractually required "Assignment of Intellectual Property" was ever executed, the undersigned agrees that Plaintiff has failed to allege plausible facts to support her contention that she had/has an ownership interest in the disputed designs.  Moreover, the Complaint indicates Plaintiff "applied for copyright registration on the relevant designs" the day before she filed her Complaint, not that she otherwise has any evidence of copyright or trademark registration or ownership.  (Document No. 1, p. 8;  Document Nos. 1-1 – 1-4).

The undersigned respectfully disagrees with Plaintiff's contention that "CPP's failure to complete the proper paperwork to formalize the ownership transfer does not change McFee's rights under the agreement." (Document No. 11, p.8). Rather, the execution of an "Assignment of Intellectual Property" appears to be an essential term in the parties' Agreement. <u>See</u> (Document No. 8-1, pp.8-9, 19-21).

There appears to be no dispute that both the false advertising and copyright claims require Plaintiff to assert a plausible claim of ownership over the disputed designs, and that a failure to do so is fatal to those claims. The undersigned agrees that the Complaint fails to assert sufficient plausible facts to support the ownership element of Plaintiff's intellectual property claims.

The undersigned is also not persuaded that the Complaint adequately alleges the other elements of these claims as cited above. For example, the Complaint does not include factual allegations to plausibly support a finding that Defendant made false or misleading representations about the designs in question, or that anyone was actually deceived by such representations. At most, the Complaint asserts "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," which are inadequate to support her claims. <u>Iqbal</u>, 556 U.S. at 678.

Based on the foregoing, it appears Plaintiff's federal claims for false advertising and copyright infringement should be dismissed. Without those claims, the undersigned recommends that the Court decline to exercise supplemental jurisdiction over the remaining causes of action. At its core, this is a breach of contract action. Even Defendant seems to accept that Plaintiff adequately alleges breach of contract. The undersigned expresses no opinion as to Plaintiff's other state law claims for unfair competition and unfair and deceptive trade practices. Instead, the

undersigned will recommend that all the state law claims be dismissed without prejudice to re-file in state court, as appropriate.

## IV.  RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant's Motion To Dismiss Plaintiff's Complaint" (Document No. 6) be **GRANTED**, and Plaintiff's Complaint be **DISMISSED** without prejudice to re-file her claims under North Carolina law in state court.

## V.  TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same.  Responses to objections may be filed within fourteen (14) days after service of the objections.  Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005).  Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Diamond, 416 F.3d at 316;  Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003);  Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989);  Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: November 17, 2016

_____
David C. Keesler
United States Magistrate Judge