UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00165-RJC-DCK

| | |
|---|---|
| JACQUELINE S. MCFEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| CPP INTERNATIONAL, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss, (Doc. No. 6), and the related memoranda and exhibits in support of and in opposition to the motion; the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 14); Plaintiff's Objections to the M&R, (Doc. No. 17); and Defendant's Reply to Plaintiff's Objections, (Doc. No. 18).

**I.  BACKGROUND**

No party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R.

In the M&R, the Magistrate Judge recommended that Defendant's Motion to Dismiss should be granted. (Doc. No. 14 at 1). The Magistrate Judge considered the five claims brought by Plaintiff: (1) False Advertising in Violation of 15 U.S.C. §1125(a); (2) Copyright Infringement in Violation of 17 U.S.C. §501; (3) Unfair Competition; (4) Unfair and Deceptive Trade Practices in Violation of North Carolina General Statutes §75-1.1 et seq.; and (5) breach of contract. (Doc. No. 14 at 1–2). Specifically, the Magistrate Judge found that the two federal claims, counts one and two—and the basis for jurisdiction in this court—should be dismissed for

failure to state a claim, primarily because Plaintiff does not have ownership of the intellectual property at issue, as required by the underlying statutes.  (Id. at 4–11).  By recommending dismissal of the two federal law claims, the Magistrate Judge accordingly recommended dismissal without prejudice to re-file in state court the three state law claims for unfair competition, unfair and deceptive trade practices, and breach of contract.  (Id.).

Plaintiff timely filed objections to the M&R, contesting the Magistrate Judge's recommendation on two grounds: (1) that the terms of the employment agreement between Plaintiff and Defendant ("Employment Agreement"), (Doc. No. 8-1), are sufficient to convey ownership interest of the contested intellectual property rights; and (2) that the claim for breach of contract can be read consistent with factual contentions that Plaintiff already owns the intellectual property; or, in the alternative, both claims are permitted as alternative pleadings under Rule 8(d)(2) of the Federal Rules of Civil Procedure.  (Doc. No. 17 at 3).  Plaintiff agrees that the Court has no jurisdiction over the three state-law claims if the two federal claims fail.  (Id. at 2).

Defendant timely filed its reply to Plaintiff's objections countering Plaintiff's two objections by asserting: (1) Defendant's promise to assign intellectual property rights at a future time did not transfer ownership to Plaintiff; and (2) Plaintiff's alternative pleading argument is irrelevant because neither the Magistrate Judge nor Defendant has argued that alternative pleadings are impermissible.  (Doc. No. 18 at 4).

## II.     STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations."  28 U.S.C. § 636(b)(1)(A) & (B).  The Federal Magistrate Act provides that a district court "shall make a de

novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

### III. DISCUSSION

#### A. Federal Claims

As an initial matter, the Court agrees with Defendant that alternative pleading here is not at issue. Neither Defendant nor the Magistrate Judge assert that Plaintiff's claims cannot proceed because they are inconsistent or alternative. Although the Magistrate Judge described Plaintiff's allegations as "inconsistent" and "contradictory," the Court believes those inconsistencies relate to the factual allegations, not the legal allegations and specific causes of action. Accordingly, the Court overrules Plaintiff's second objection.

Plaintiff's first objection to the M&R gets to the heart of the matter—at least the heart of the federal law claims. The Court agrees with, and neither party contests, the Magistrate Judge's analysis that claims under both Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (Count One) and for copyright infringement under 17 U.S.C. § 501 (Count Two) require that the

Plaintiff own the intellectual property rights in order for the claims to be plausible.  See (Doc. No. 14 at 6–8, 10) ("There appears to be no dispute that both the false advertising and copyright claims require Plaintiff to assert a plausible claim of ownership over the disputed designs, and that a failure to do so is fatal to those claims.").  Therefore, this matter boils down to a simple question: Did the language in the Employment Agreement that Defendant "shall assign" intellectual property rights upon satisfaction of certain conditions automatically convey ownership of those ownership rights to Plaintiff once the conditions were satisfied, or was Defendant required by contract to convey those rights once the conditions were satisfied but conveyance would not take place until Defendant took affirmative steps to convey the ownership rights?  Plaintiff argues that the Employment Agreement automatically conveyed ownership while Defendant asserts that it had to affirmatively convey ownership through a separate form labeled "Assignment of Intellectual Property," which was Exhibit D to the Employment Agreement.  (Doc. No. 8-1 at 19–21).

As the Magistrate Judge noted, the Complaint is self-contradictory regarding whether Plaintiff possessed ownership over the disputed intellectual property.  For example, with one breath Plaintiff says she "was granted all right, title and interest to all of her designs" but with the next she says Defendant "failed to grant rights to those designs as agreed."  (Doc. No. 1 at ¶¶2–3).  The Court finds these contradictions telling but not dispositive.

More importantly, the Employment Agreement seems clear on the issue of assignment of intellectual property rights: if the express conditions were met, Defendant was required to assign the relevant intellectual property rights to Plaintiff, but assignment was not complete until Defendant took the necessary affirmative steps to assign the ownership rights to Plaintiff, namely by completing the separate agreement titled "Assignment of Intellectual Property" and attached

as Exhibit D to the Employment Agreement.  This conclusion is most in line with the fundamental principles of contract interpretation.  "Interpreting a contract requires the court to examine the language of the contract itself for indications of the parties' intent at the moment of execution." State v. Philip Morris USA Inc., 618 S.E.2d 219, 225 (N.C. 2005) (citing Lane v. Scarborough, 200 S.E.2d 622, 624 (N.C. 1973)).  "If the plain language of a contract is clear, the intention of the parties is inferred from the words of the contract." Walton v. City of Raleigh, 467 S.E.2d 410, 411 (N.C. 1996).  "The words used are given their ordinary, accepted meaning unless it is apparent another meaning is intended, and each is given effect." Peirson v. Am. Hardware Mut. Ins. Co., 107 S.E.2d 137, 139 (N.C. 1959).  "Intent is derived not from a particular contractual term but from the contract as a whole." Philip Morris, 618 S.E.2d at 225 (citing Jones v. Casstevens, 23 S.E.2d 303, 305 (N.C. 1942)).

Looking at the plain words of the Employment Agreement and the Employment Agreement as a whole, the parties clearly intended for Defendant to affirmatively assign any eligible intellectual property rights.  First, the language of the agreement is "shall assign."  The plain meaning of shall places the act of assignment in the future, not a contemporaneous, automatic assignment as argued by Plaintiff.  The parties could just have easily drafted the contract to say upon satisfaction of certain requirements intellectual property rights "are assigned" to Plaintiff.  Moreover, taking the Employment Agreement as a whole, it includes an exhibit titled "Assignment of Intellectual Property" that appears to be a separate form or contract, requiring signature by both parties, that would legally and formally assign relevant intellectual property rights to Plaintiff.  (Doc. No. 8-1 at 19–21).  This exhibit to the Employment Agreement reflects the intent of the parties that a separate affirmative action was needed for assignment.  Any other interpretation renders the exhibit meaningless.

Thus, the terms of the contract are clear. Although Defendant may be in breach of the Employment Agreement by failing to assign intellectual property ownership to Plaintiff, Defendant nonetheless needed to affirmatively assign any such ownership. Absent that assignment, Plaintiff does not have ownership of the intellectual property rights and fails to state a claim for false advertising or copyright infringement.

B. <u>State Claims</u>

In her Complaint, Plaintiff also alleges three claims based on North Carolina state law: unfair competition (Count Three), unfair and deceptive trade practices (Count Four), and breach of contract (Count Five). "A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." <u>Carlsbad Tech., Inc. v. HIF Bio, Inc.</u>, 556 U.S. 635, 639 (2009). 28 U.S.C. § 1367(c) provides that a court may decline supplemental jurisdiction over a claim if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." Under the authority of 28 U.S.C. § 1367(c), "a district court has inherit power to dismiss the case or, in cases removed from State court, to remand, provided the condition set forth in § 1367(c) for declining to exercise supplemental jurisdiction have been met." <u>Hinson v. Norwest Fin. S.C., Inc.</u>, 239 F.3d 611, 617 (4th Cir. 2001).

Here, the Court finds that the condition set forth in § 1367(c)(3) has been met. This Court has original jurisdiction over Plaintiff's false advertising and copyright infringement claims (Counts One and Two); but the Court has dismissed both of those claims. Therefore, the

only claims remaining are state-law claims. Indeed, the Magistrate Judge properly noted that "[a]t its core, this is a breach of contract action." (Doc. No. 14 at 10). Furthermore, the parties agree that the state-law claims should be dismissed if the Court finds no jurisdiction over the two federal claims. Therefore, this Court declines to exercise supplemental jurisdiction of the remaining claims and dismisses the state law claims without prejudice to re-file in state court.

### IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 14), is **ADOPTED**;

2. Defendant's Motion to Dismiss, (Doc. No. 6), is **GRANTED**;

3. Counts One and Two of Plaintiff's Complaint—False Advertising in Violation of 15 U.S.C. § 1125(a) and Copyright Infringement in Violation of 17 U.S.C. § 501, respectively—are **DISMISSED with prejudice**;

4. Count Three through Five of Plaintiff's Complaint—Unfair Competition, Unfair and Deceptive Trade Practices in Violation of N.C. Gen. Stats. § 75-1.1 et seq., and Breach of Contract, respectively—are **DISMISSED without prejudice** to refile in state court; and

5. The Clerk of Court is directed to close the case.

Signed: February 15, 2017

*[Signature]*

Robert J. Conrad, Jr.
United States District Judge